**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>IRAIDA APODACA,<br><br>                              Defendant. | CASE NO.: 20-CR-2632-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C § 3582(c)(1)(A)** |

In November 2021, Iraida Apodaca pled guilty to importing 500 grams of methamphetamine and 400 grams of fentanyl into the United States, in violation of 21 U.S.C. §§ 952 and 960. (Dkt. 17 at 1). The Court sentenced her to 84 months of imprisonment, followed by 5 years of supervised release. She has served 18 months of that sentence and is set to be released from Bureau of Prisons ("BOP") custody on October 17, 2027. Apodaca moves for compassionate release under 18 U.S.C § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C § 3553(a).

Apodaca urges the Court to release her from custody because: (1) she suffers from asthma, which in turn increases her vulnerability to COVID-19; (2) her early release is vital to the "well-being" of her 3 minor children, especially her

16-year-old daughter with special needs; (3) she has suffered alleged Eighth Amendment violations stemming from lack of access to adequate medical care at FCI Dublin Satellite Prison Camp and predatory correctional staff; (4) she has made efforts at rehabilitation; and (5) she is a first-time, non-violent offender. (Dkt. 61 at 7–8; 69 at 1). The Government opposes her motion, arguing that no extraordinary and compelling reasons exist to reduce her sentence, and that the 18 U.S.C. § 3552(a) sentencing factors counsel against a sentence reduction. (Dkt. 66 at 11). The Court agrees.

First, Apodaca hasn't demonstrated that her asthma substantially diminishes her ability to care for herself or to receive suitable medical treatment at FCI Dublin Satellite Prison Camp. *See* U.S.S.G. § 1B1.13, App. Note 1(A)(ii); *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (noting that United States Sentencing Commission policy statements are helpful guides for courts when determining whether "extraordinary and compelling circumstances" exist). Just the opposite—it appears from the submitted medical records that BOP has provided Apodaca appropriate medical care for her asthma, including prescribing an Albuterol inhaler. (Dkt. 68-1 at 24, 70). Further, the records indicate Apodaca's asthma is seasonal and isn't considered severe. (*Id.* at 25). In her Reply, Apodaca argues that her health is at risk at the camp "due to asbestos and black mold conditions." (Dkt. 69 at 1). These assertions, however, don't undermine the conclusion that BOP can continue to provide Apodaca with effective and appropriate medical care.

Apodaca also hasn't demonstrated that her increased vulnerability to COVID-19 is an extraordinary and compelling reason justifying a reduction in her sentence. While it's true that moderate to severe asthma can increase the risk of becoming ill with COVID-19, *see* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 22, 2023), Apodaca's medical records

indicate that her asthma is seasonal and, at most, intermittent to mild. (Dkt. 68-1 at 24–25). Further, she received the COVID-19 vaccination in January and February 2022, but declined to receive a recommended booster shot in October 2022. (*Id.* at 81, 117). These vaccine doses "'significantly mitigate the risk that [she] will contract COVID-19,' much less become seriously ill." *United States v. Del Rosario Martinez*, 524 F. Supp. 3d 1062, 1066 (S.D. Cal. 2021) (citation omitted) (collecting cases).

      Apodaca next argues the need to care for her three minor children, especially her 16-year-old daughter with special needs, is an extraordinary and compelling reason warranting a reduction in sentence. (Dkt. 61 at 8; 69 at 1). The United States Sentencing Commission's guidelines note that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" are extraordinary and compelling circumstances under § 3582. U.S.S.G. § 1B1.13, App. Note 1(C)(i). However, courts have denied requests for compassionate release based on these circumstances when the defendant fails to provide details of the caregiver's incapacitation. *Compare United States v. Hedgecoth*, No. 20-cr-2032-WQH, 2022 WL 5265147, at *2 (S.D. Cal. Oct. 6, 2020) (denying motion for compassionate release when defendant didn't provide details of his mother's "severe health conditions" that made her unable to care for defendant's child), *with United States v. Potenciano*, No. 16-cr-01285-BEN, 2022 WL 3364684, at *2 (S.D. Cal. Aug. 12, 2022) (granting motion for compassionate release when defendant provided details about aging mother's health conditions that made her unable to care for defendant's children). Here, Apodaca hasn't provided any information about her children's current caregiver. Nor has she explained why the caregiver is incapacitated and unable to care for her children (other than stating that her daughter with special needs may need to be placed in a foster care environment). (Dkt. 61 at 8). Apodaca's situation is undoubtedly challenging, but it doesn't justify compassionate release.

Apodaca also raises Eighth Amendment concerns stemming from her claims that FCI Dublin Satellite Prison Camp is staffed by predatory correctional officers and lacks the facilities to provide her adequate medical care. However, Eighth Amendment claims regarding conditions of confinement aren't properly heard under a § 3582 motion, and this Court lacks jurisdiction to consider them. *See United States v. Perez*, No. 18-cr-4145-H, 2020 WL 4732056, at *5 (S.D. Cal. Aug. 14, 2020).

In her Reply, Apodaca argues that she has "been rehabilitating and programming nonstop since coming to prison." (Dkt. 69 at 1). But rehabilitation alone isn't an extraordinary and compelling reason to grant a sentence reduction. *See* U.S.S.G. § 1B1.13, App. Note 3; *see, e.g.*, *United States v. Love*, No. 10-CR-02418-MMM, 2022 WL 1204104, at *2 (S.D. Cal. Apr. 22, 2022) (finding that the defendant's "efforts toward rehabilitation—including . . . good behavior—are laudable but do not constitute an extraordinary or compelling justification" for early release); *United States v. Fowler*, No. 17-CR-00180-RS-2, 2021 WL 5113189, at *3 (N.D. Cal. Nov. 3, 2021) ("The promise of rehabilitation alone, however, is no reason for early termination of a sentence. Otherwise, sentences would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.").

Separately, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) continue to support Apodaca's original sentence. Her offenses were unquestionably serious, and her original sentence reflects not only the seriousness of the crime, but also the need to protect the public, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(C). Apodaca argues her status as a non-violent, first-time offender supports compassionate release, (Dkt. 61 at 7), but those factors were taken into consideration when she was sentenced. The Court finds that the § 3553(a) factors continue to support Apodaca's original sentence.

Apodaca hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction in sentence. Her motion for reduced sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 25, 2023

*Larry A. Burns*
_____
**Hon. Larry Alan Burns**
United States District Judge